IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHESTER ENGINEERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 10-0486-KD-B |
| ) | |
| SIDERIDRAULIC SYSTEM, S.P.A., ) | |
| and THYSSENKRUPP STEEL USA, ) | |
| L.L.C., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the motion for summary judgment filed by defendant Thyssenkrupp Steel USA, LLC (Thyssenkrupp) (doc. 20) and supporting documents (doc. 22), the response, amended response and supporting documents filed by plaintiff Chester Engineers, Inc. (Chester) (docs. 35, 36), Thyssenkrupp's reply (doc. 42), and Chester's sur-reply (doc. 43). Upon consideration and for the reasons set forth herein, the motion is **denied**.

I. Factual background

On August 1, 2008, Thyssenkrupp entered into a contract with Sideridraulic System S.P.A. (Sideridraulic) to perform architectural and engineering services for the construction of a water treatment system at the Thyssenkrupp plant in Mobile County, Alabama. (docs. 20, 22-1).

On or about October 2, 2008, Sideridraulic entered into a subcontract with Chester to perform part of the architectural and engineering services specified in Sideridraulic 's contract with Thyssenkrupp (docs. 20, 22-2). On or about November 11, 2008, Chester qualified to transact business in the State of Alabama (doc. 20, doc. 22-4).

In 2009, disputes arose among the parties in regard to their respective obligations and performances under the contract and subcontract (docs. 20, 35, 35-1). In May and June, 2010, the

1

parties negotiated a verbal agreement and settlement to resolve the dispute and the verbal agreement was reduced to writing (docs. 35, 35-3). Chester began to perform under the terms of the verbal agreement in anticipation of the parties' signing the written agreement (doc. 35, 35-1). Chester signed the written agreement but Thyssenkrupp and Sideridraulic did not (doc. 35).

Although Chester continued to work, it soon believed that it was not being paid as anticipated under the agreement (doc. 35, 35-1). On July 26, 2010, Chester notified Sideridraulic and Thyssenkrupp of their breach of the agreement (Id.). Ultimately, Chester ceased performance under the agreement and withdrew its employees from the worksite (Id.). On September 3, 2010, Chester filed this action for breach of the 2010 agreement (doc. 1).

II. Summary judgment standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a party asserts "that a fact cannot be or is genuinely disputed", the party must

> (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)(B).

The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. Id. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 999 (11th Cir. 1992) citing Anderson v. Liberty Lobby, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-159, 90 S.Ct. 1598, 1608-1609 (1970). However, "[a] moving party is entitled to summary judgment if the nonmoving party has 'failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" In re Walker, 48 F. 3d 1161, 1163 (11th Cir. 1995) quoting Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2552.

Overall, the Court must "resolve all issues of material fact in favor of the [non-movant], and then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004) citing Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003).

However, the mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Secretary of Dept. of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record

taken as a whole could lead a rational trier of fact to find for the nonmoving party." Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010) (citation omitted). Also, "what is considered to be 'facts' at the summary judgment stage may not turn out to be the actual facts if the case goes to trial, but those are the facts at this stage of the proceeding for summary judgment purposes." Cottrell v. Caldwell, 85 F.3d 1480, 1486 (11th Cir. 1996).

   III.  Analysis

Thyssenkrupp argues that "Chester lacks standing to bring this action" because at the time Chester entered into the 2008 subcontract with Sideridraulic, Chester had not qualified to transact business in Alabama (doc. 20, p. 6). Thyssenkrupp explains that Alabama Code § 10-2B-15.02 (1975, as amended) precludes enforcement of a contract, if the party seeking to enforce had not qualified to transact business in the State before entering into the contract (doc. 20, p. 6). Thyssenkrupp asserts that the 2010 agreement (upon which Chester brought its complaint) was part of the underlying 2008 subcontract which was made before Chester qualified to transact business, and therefore Chester is subject to the preclusive effect of the statute (doc. 20, 42).

Chester argues that it does not seek to enforce the October 2008 subcontract, but instead has filed suit on the breach of the agreement reached in June 2010, which is an entirely separate agreement and the only agreement between Thysenkrupp and Chester (doc. 35, p. 4, doc. 36). Chester relies upon Article 6 of the agreement (doc. 43, p. 2). Chester also argues that Thyssenkrupp waived any argument under the statute because it counterclaimed to recover under the 2008 subcontract (doc. 35, p. 8), and that Thyssenkrupp cannot invoke the statute because it was not a party to the 2008 subcontract (doc. 36).

Review of Chester's complaint shows that its breach of agreement claim is based on a purported agreement among Thyssenkrupp, Sideridraulic and Chester allegedly reached during the May-June 2010 time period. The evidence shows that Chester was authorized to do business in

4

Alabama in November 2008, and therefore was qualified at the time of the 2010 agreement. The fact that Chester was not qualified in October 2008 is not a defense to Chester's claims against Thyssenkrupp as raised in the complaint.

The Court must believe the evidence provided by the non-movant Chester and draw all justifiable inferences in its favor. Tipton, 965 F.2d at 999. In that regard, Chester's evidence shows, and there is no dispute of fact, that Chester's complaint is based upon the 2010 agreement among Sideridraulic, Thyssenkrupp and Chester albeit that the need for the parties to negotiate the 2010 agreement grew out of disputes arising from the 2008 contract and subcontract. Therefore, Thyssenkrupp is not entitled to a judgment as a matter of law.

IV. Conclusion

Accordingly, upon consideration of the evidence in the light most favorable to Chester as the non-moving party, and for the reasons set forth herein, Thyssenkrupp's motion for summary judgment is DENIED.

DONE and ORDERED this 17th day of March, 2011.

s / Kristi K DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE